UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
LOUIS PSIHOYOS and JAMES P. REED,      :
                                       :
                    Plaintiffs,        :         10 Civ. 5912 (JSR)
                                       :
          -v-                          :
                                       :         ORDER
PEARSON EDUCATION, INC.,               :
                                       :
                    Defendant.         :
------------------------------------x

JED S. RAKOFF, U.S.D.J.

On November 29, 2010, the parties in the above-captioned case convened a joint conference call to Chambers and asked the Court to adjudicate a discovery dispute. Plaintiffs requested that the Court order the defendant to produce certain documents referenced in an October 27, 2010 letter plaintiffs had sent to the defendant. The defendant objected to producing certain of the documents, and also requested that it be permitted to provide certain other documents pursuant to a Protective Order. The Court instructed plaintiffs' counsel to send the Court, by no later than December 1, 2010, a letter setting forth plaintiffs' arguments. The Court instructed defendant's counsel to submit a letter in opposition by no later than December 3, 2010.

Having now carefully reviewed both submission, the Court finds itself in agreement with the defendant. As the defendant convincingly argues, this is a copyright infringement case concerning four photographs. Plaintiffs' Complaint states that "[t]his is an action for copyright infringement and related claims brought by

Plaintiffs, the holders of the copyrights to the *photographs described herein*, against Defendant for unauthorized uses of *those* copyrighted photographs." See Compl. ¶ 4. The Complaint identifies only four photographs, and repeatedly states that plaintiffs' claims concern the "photographs identified therein." Id. ¶¶ 4, 26, 28, 32, 34. In their October 27, 2010 letter, however, plaintiffs requested information concerning not only the four photographs identified in the Complaint, but also information for <u>all</u> photographs of plaintiffs that appear in any of defendant's textbooks. Plaintiffs repeated this request in their First Request for Production of Documents served on November 15, 2010. See Def. Ltr. at 2.

The Court finds this request to be grossly overbroad. Parties have "no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings." Fed. R. Civ. P. 26(b), Adv. Comm. Note to Subdivision (b)(1). Moreover, discovery "is not intended to be a fishing expedition, but rather is meant to allow the parties to flesh out allegations for which they initially have at least a modicum of objective support." <u>Tottenham v. Trans World Gaming Corp.</u>, No. 00-7697-WK, 2002 WL 1967023, at *2 (S.D.N.Y. June 21, 2002). The Court finds that plaintiffs' request for documents concerning images not identified in their Complaint is nothing more than such an impermissible fishing expedition. Accordingly, the Court hereby limits document discovery in this case

to documents related to the four images identified in plaintiffs' Complaint.

As to those documents actually relevant to the instant action, plaintiffs request that defendant provide: (1) the names of the publications containing the four photographs; (2) the names of the printers of those publications; (3) the requested print quantities; (4) the file-to-printer dates;(5) the book-bound dates; and (6) the actual print runs. See Pl. Ltr. at 1; Def. Ltr. at 2. The defendant has already produced the first two categories of information, i.e., the names of the publications containing the four photographs and the names of the printers of those publications. Def. Mem. at 2. However, the defendant contends that the remaining information is commercially-sensitive, proprietary information that is not publicly available, and it therefore requests that the Court issue a Protective Order to ensure that the information is not disclosed to its competitors.

The Court agrees that a Protective Order is warranted in this case. Accordingly, the Court hereby orders defendant to submit a proposed Protective Order modeled on the Court's Model Protective Order, modified only in the limited respect proposed in the defendant's letter. See Def. Ltr. at 2. The remaining documents regarding the four photographs should be provided promptly after the Court signs the Protective Order.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       December 6, 2010