# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

_____
                                        :
LOUIS PSIHOYOS and JAMES P. REED,       :
                                        :   Case No. 10-CV-5912-JSR
            Plaintiffs,                 :
                                        :   Hon. Jed S. Rakoff
      v.                                :
                                        :   Electronically Filed
PEARSON EDUCATION, INC. et al.,         :
                                        :
            Defendant.                  :
_____:


## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Namita E. Mani (NM-0814)
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, New York 10178
(212) 309-6000
(212) 309-6001 (facsimile)

David W. Marston, Jr. (*pro hac vice*)
Ezra Dodd Church (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
(215) 963-5000
(212) 963-5001 (facsimile)

DATED:  September 12, 2011

**TABLE OF CONTENTS**

I.      INTRODUCTION .................................................................................................... 1

II.     STATEMENT OF FACTS ....................................................................................... 1

III.    ARGUMENT ........................................................................................................... 3

    A.  Legal Standard.................................................................................................... 3

    B.  Statutory Damages and Attorneys' Fees are Not Available for "Tyrannosaurus Being
        Cleaned," Because It Was Registered After the Alleged Infringement Began. ............... 4

IV.     CONCLUSION........................................................................................................ 5

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**CASES**

Anderson v. Liberty Lobby, Inc.,
    477 U.S. 242 (1986)..............................................................................................3-4

Celotex Corp. v. Catrett,
    477 U.S. 317 (1986)................................................................................................3

Fournier v. McCann Erickson,
202 F. Supp. 2d 290 (S.D.N.Y. 2002)........................................................................5

Troll Co. v. Uneeda Doll Co.,
    483 F.3d 150 (2d Cir. 2007)..................................................................................4-5

**STATUTES**

17 U.S.C. § 412.......................................................................................................4

**OTHER AUTHORITIES**

Fed. R. Civ. P. 56....................................................................................................3

## I.      INTRODUCTION

Plaintiffs Louis Psihoyos ("Psihoyos") and James P. Reed (collectively "Plaintiffs") allege that Defendant Pearson Education, Inc. ("Pearson") published four of their photographs in educational textbooks without first obtaining permission.  Plaintiffs also allege that three printers, R.R. Donnelley & Sons Co., Courier Corporation ("Courier"), and Failsafe Disk Company d/b/a Failsafe Media ("Failsafe") are liable for copyright infringement with respect to their role in printing the textbooks containing the four photographs.  Defendants have asserted various defenses to these claims that they will seek to prove at trial of this matter.  One issue, however, is ripe for summary judgment.[1]  The Psihoyos photograph "Tyrannosaurus Gets a Cleaning" (also called "Tyrannosaurus Being Cleaned"), was not registered with the United States Copyright Office before it was printed in Pearson's textbook.  Therefore, Psihoyos is unable to recover statutory damages and attorneys' fees under the Copyright Act with respect to that photograph as a matter of law.

## II.     STATEMENT OF FACTS

Pearson publishes educational textbooks and other materials.  <u>See</u> Docket No. 39 ¶ 18. Psihoyos is a professional photographer.  <u>See</u> Docket No. 39 ¶ 16.  Pearson used the photograph "Tyrannosaurus Gets a Cleaning," in an educational textbook titled Intervention Student Reader, Sidewalks, 4.2, ISBN 0328452874, published on ███████.  <u>See</u> Church Decl., Exs. A & B. The textbook and related educational products containing this photograph were printed by Courier and Failsafe.  <u>See</u> Church Decl., Ex. B.  Courier first printed the image on ████████ <u>See</u> Church Decl., Ex. B.  Failsafe reproduced the image in a derivative electronic product on ████████  <u>See</u> Church Decl., Ex. B.

---

[1]  By making this motion, Pearson is not waiving any argument as to the validity of the copyright registration for the images identified in the complaint.

Redacted information designated Confidential pursuant to Court Order, Dec. 14, 2010, Dkt. No. 23.

Psihoyos contends that Pearson's use of his photograph and the printing of the textbooks and other educational products containing the photograph by Courier and Failsafe was done without permission and constitutes copyright infringement.  <u>See</u> Docket No. 39 ¶¶ 27, 31-33, 105-08, 138-39.  Psihoyos seeks statutory damages and attorneys' fees with respect to his claims for relief.  <u>See</u> Docket No. 39 at 19.

The initial complaint, filed August 5, 2010, unequivocally alleged that:  "Psihoyos registered copyright in his 'Tyrannosaurus Being Cleaned' photograph with the United States Copyright Office."  <u>See</u> Docket No. 1 ¶ 12.  Plaintiffs did not, however, provide copyright registration numbers or registration certificates to substantiate that allegation.  Pearson requested registration numbers by letter after it received the Complaint.  <u>See</u> Church Decl., Ex. C. Plaintiffs refused to provide them.  As a result, Pearson filed a motion to dismiss the Complaint based on Plaintiffs' failure to sufficiently allege copyright registration.  <u>See</u> Docket Nos. 5 & 6. On November 10, 2010, the Court ordered Plaintiffs' counsel to produce the registration numbers by November 15, 2010.  <u>See</u> Docket No. 15.  Plaintiffs' counsel did not comply with that Order.  On November 22, 2010, the Court ordered Plaintiffs' counsel, on pain of contempt, to produce the registration numbers for the four photographs by November 24, 2010.  <u>See</u> Docket No. 20.

On November 24, 2010, Plaintiff submitted a letter to Pearson and the Court representing that:  "Mr. Psihoyos' photograph entitled 'Tyrannosaurus Being Cleaned' . . . which also is referred to as "Tyrannosaurus Gets a Cleaning"—is covered by registration 1-516728461."  <u>See</u> Church Decl., Ex. D.  The number Plaintiffs' counsel provided, however, was not a copyright registration number; it was the "service request" number for their ***application for copyright***

*registration* of "Tyrannosaurus Gets a Cleaning," an application that was not submitted until November 9, 2010.   <u>See</u> Church Decl., Ex. E (PL000088-89).

At his deposition, Psihoyos claimed that he believes the photograph was registered earlier under the Corbis Copyright Registration Program, but conceded that this was simply his "recollection" and that he does not have any documents proving that such registration took place. <u>See</u> Church Decl., Ex. G.  He also conceded that his contract with Corbis, which he produced in discovery, was not applicable to "Tyrannosaurus Being Cleaned."  <u>See</u> Church Decl., Ex. H. Moreover, correspondence between Plaintiffs' counsel and Corbis, produced in this case, indicates that "Tyrannosaurus Gets a Cleaning" was not registered through the Corbis program at all.  <u>See</u> Church Decl., Ex. I (PL000283-285).  Thus, the only evidence of actual copyright registration for the photograph "Tyrannosaurus Being Cleaned" or "Tyrannosaurus Gets a Cleaning" indicates that the image was first registered on November 9, 2010, more than three months after the initial Complaint was filed and after representations to the Court that a valid registration was already in place.

## III.   ARGUMENT

### A.   <u>Legal Standard</u>

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment should be granted where the discovery record demonstrates that "there is no genuine issue as to any material fact and that movant is entitled to judgment as a matter of law."  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 n.4 (1986).  Summary judgment is also appropriate where a party fails to offer admissible evidence sufficient to establish the existence of any matter on which it bears the burden of proof.  <u>See id.</u> at 327.  Federal courts are required to grant summary judgment unless the non-moving party comes forward with affirmative evidence which clearly demonstrates that there exists a genuine issue of material fact to be tried.  <u>Anderson v. Liberty</u>

Lobby, Inc., 477 U.S. 242, 248 (1986).  A "material fact" is one that will affect the outcome of

the lawsuit under the governing law, and the dispute is "genuine" if the evidence would allow a

reasonable jury to return a verdict for the non-moving party.  Id. at 248.  Once the moving party

demonstrates that there are no genuine issues of material fact with respect to the plaintiff's

claims, the burden shifts to plaintiff to provide "concrete evidence from which a reasonable juror

could return a verdict in his favor."  Id. at 256.  Here, there is no genuine issue of material fact

related to copyright registration of "Tyrannosaurus Being Cleaned," and an award of statutory

damages or attorneys' fees is precluded as a matter of law.

> **B.** **Statutory Damages and Attorneys' Fees are Not Available for "Tyrannosaurus Being Cleaned," Because It Was Registered After the Alleged Infringement Began.**

Psihoyos seeks an award of "statutory" damages and "attorneys' fees" in connection with

his claims.  Docket No. 38 at 19.  Psihoyos cannot obtain such relief as a matter of law with

respect to his photograph "Tyrannosaurus Being Cleaned," because the photograph was not

registered until after the alleged infringing use of the photograph began.

The Copyright Act states:  "[N]o award of statutory damages or attorney's fees as

provided by sections 504 and 505, shall be made for— (1) any infringement of copyright in an

unpublished work commenced before the effective date of its registration; or (2) any

infringement of copyright commenced after first publication of the work and before the effective

date of its registration . . . ."  17 U.S.C. § 412.  When a pattern of infringing conduct begins prior

to the effective date of the applicable registration, awards for statutory damages and attorneys'

fees are not available even if the allegedly infringing conduct continues after registration is

accomplished.  See, e.g., Troll Co. v. Uneeda Doll Co., 483 F.3d 150, 158 (2d Cir. 2007) ("[A]

plaintiff may not recover statutory damages and attorney's fees for infringement occurring after

registration if that infringement is part of an ongoing series of infringing acts and the first act

4

occurred before registration.").  For example, in <u>Fournier v. McCann Erickson</u>, Judge Marerro granted summary judgment dismissing plaintiff's claims for statutory damages and attorneys' fees on the ground that the alleged infringement of the plaintiff's photograph commenced before the effective date of copyright registration.  202 F. Supp. 2d 290, 297-99 (S.D.N.Y. 2002, Marrero, J.).  In particular, the court rejected plaintiff's attempts to circumvent the Section 412 bar by arguing that each appearance of the allegedly infringing photograph in a magazine advertisement was an independent act of infringement, holding that "commencement" of the infringement for purposes of Section 412 occurs when the first act in a series of acts constituting continuing infringement occurs.  <u>Id.</u>

"Tyrannosaurus Being Cleaned" was registered with the United States Copyright Office on November 9, 2011.  <u>See</u> Church Decl., Ex. F.  According to Plaintiffs' own complaint and the evidence produced in discovery, Pearson's alleged infringement began when the image was published by Pearson in May 2009.  <u>See</u> Docket No. 39 ¶¶ 27, 105-08; Church Decl., Ex. B. Likewise, the alleged infringement by Courier began on ████████ when the publication was first printed, and the alleged infringement by Failsafe began when it reproduced the image on a DVD on ████████  <u>See</u> Church Decl., Ex. B.  In each case, the alleged infringement commenced before Psihoyos registered copyright for "Tyrannosaurus Being Cleaned."  Indeed, the alleged infringing use occurred even before Psihoyos submitted his application for copyright registration.  Thus, under 17 U.S.C. § 412, Psihoyos cannot obtain an award of statutory damages or attorneys' fees with respect to that photograph.

## IV.    CONCLUSION

There is no genuine issue as to any material fact and Defendants are entitled to judgment as a matter of law concerning Psihoyos' claim for statutory damages and attorneys' fees with respect to the photograph "Tyrannosaurus Being Cleaned."

Redacted information designated Confidential pursuant to Court Order, Dec. 14, 2010, Dkt. No. 23.

DATED:  September 12, 2011          /s/  David W. Marston, Jr.
                                    David W. Marston, Jr. (pro hac vice)
                                    Ezra D. Church (pro hac vice)
                                    MORGAN, LEWIS & BOCKIUS, LLP
                                    1701 Market Street
                                    Philadelphia, PA 19103
                                    (215) 963-5000
                                    (215) 963-5001 (facsimile)

                                    Namita E. Mani
                                    MORGAN, LEWIS & BOCKIUS, LLP
                                    101 Park Avenue
                                    New York, New York 10178
                                    (212) 309-6000
                                    (212) 309-6001 (facsimile)

                                    *Attorneys for Defendants Pearson Education, Inc.,
                                    Courier Corporation, and Failsafe Disk Company
                                    d/b/a Failsafe Media*

## <u>CERTIFICATE OF SERVICE</u>

I, Ezra D. Church, do hereby certify that on September 12, 2011 a true and correct copy of the foregoing Defendants' Memorandum in Support of Motion for Partial Summary Judgment, Statement of Material Undisputed Facts, [Proposed] Order, and Declaration of Ezra D. Church including exhibits was served on the following counsel for Plaintiff Louis Psihoyos by ECF:

> Danial Nelson
> dnelson@nelsonmcculloch.com
> Kevin P. McCulloch
> kmcculloch@nelsonmcculloch.com
> Nelson & McCulloch LLP
> The Chrysler Building
> 405 Lexington Avenue, 26th Floor
> New York, New York 10174


DATED:        September 12, 2011                         /s/      Ezra D. Church

7